UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00097-HBB

DAVID H.[1]                                                                                          PLAINTIFF

VS.

MARTIN O'MALLEY, COMMISSIONER
SOCIAL SECURITY[2]                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.     BACKGROUND

Before the Court is the Complaint (DN 1) of David H. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 12) and Defendant (DN 15) have filed a Fact and Law Summary.  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).  By Order entered January 16, 2024 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

II.     FINDINGS OF FACT

On August 24, 2020, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 289, 439-45). Plaintiff alleged that he became disabled on July 2, 2019, as a result of insomnia, back issues, heart condition, knee issues, ankle issues, mental health issues, and stomach issues (Tr. 289, 360, 383, 456). The application was denied initially on January 8, 2021, and upon reconsideration on January 13, 2022 (Tr. 289, 380, 382).[3] On January 18, 2022, Plaintiff filed a written request for hearing (Tr. 289, 398-99).[4]

Administrative Law Judge David Peeples ("ALJ") conducted a telephone hearing due to the extraordinary circumstances presented by the COVID-19 pandemic (Tr. 289, 313). Plaintiff and his non-attorney representative, Kirsten Brown, participated by telephone and Plaintiff testified during the hearing (Id.). Dana M. Stoller, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated November 4, 2022, the ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024 (Tr. 292). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 289-305). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 2, 2019, the alleged onset date (Tr. 292). At the second step, the ALJ determined that Plaintiff has the following severe impairments: spine disorder; carpal tunnel syndrome; bilateral hearing loss; vision loss in the left eye; headaches; depression; anxiety; and post-traumatic stress disorder ("PTSD") (Id.). The ALJ also determined that Plaintiff has the

---

3 The ALJ indicates the application was denied initially on January 21, 2021 (Tr. 289). As the Disability Determination and Transmittal form indicates January 8, 2021 (Tr. 380), the undersigned has used that date.
4 The ALJ indicates the request for hearing was received on January 13, 2022 (Tr. 289). The request for hearing form indicates January 18, 2022 (Tr. 398), the undersigned has used that date.

following "non-severe" impairments: insomnia; gastrointestinal issues; and a history of arthritis in his shoulders (Tr. 292-93).  At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 293).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can frequently climb ladders, ropes, scaffolds, ramps and stairs; he can frequently stoop, kneel, crouch and crawl; he can frequently handle and finger with the bilateral upper extremities; he can work in environments having not more than a moderate noise level and should avoid concentrated exposure to flashing lights or lighting brighter than fluorescent lighting ordinarily found in office environments; he has no visual acuity, depth perception, color of vision or field of vision of the left eye; however, he retains sufficient right eye visual acuity to frequently read small and large print; he has sufficient right eye depth perception and field of vision to handle objects of all sizes and to avoid ordinary hazards in the workplace such as boxes on the floor, doors a jar, approaching people or vehicles, and sufficient color of vision to identify and distinguish colors; he can understand and remember simple and detailed instructions and procedures; he can sustain attention, concentration, and pace for simple tasks within regular tolerances including two-hour time blocks; interact with coworkers and supervisors for task completion and on an occasional basis with the public (very little to one-third of the time); and he can adapt to work demands and situational changes given reasonable support (Tr. 295-96).   Additionally, the ALJ determined that Plaintiff is unable to perform his past relevant work as a chief engineer (Tr. 304).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 304-05). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 2, 2019, through November 4, 2022, the date of the ALJ's decision (Tr. 305).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 436-38). The Appeals Council denied Plaintiff's request for review (Tr. 152-55).

### III.   CONCLUSIONS OF LAW

#### A.   Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 152-55). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

      B.   The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

   1)  Is the claimant engaged in substantial gainful activity?

   2)  Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

### C. Plaintiff's Challenges

Plaintiff, proceeding *pro se*, filled out and filed the Fact and Law Summary form supplied by the Court (*See* DN 11-1; DN 12). In doing so, Plaintiff failed to indicate which of the ALJ's Findings he asserts are not supported by substantial evidence and/or how the ALJ's decision was not made pursuant to the proper legal standards (DN 12).[5] Instead, Plaintiff set forth the following comments on the Fact and Law Summary form:

> Social Security pays benefits to people who cant [sic] work because they have a Medical condition that last at least 1 year or Death[.] David [H.] has worked long enough- and - recent enough - and paid social security taxes on those earnings[.] Social Security Destroyed Part of the Plaintiffs records. [T]he Records were suppose to be returned to David [H.][.] Social Security did not use Qualified doctors or internist to Diagnose and report accurate reports to the Social Security Administration only used records from 09/05/2020-12/24/2020[.]

(Id.). The Court will address each of Plaintiff's allegations.

Essentially, the first and second sentences claim that Plaintiff is entitled to disability insurance benefits because he has worked long enough, worked recent enough, and paid Social

---

5 Plaintiff also failed to explain his position with supporting page transcript numbers, physician statements, and applicable case law (DN 12).

Security taxes on those earnings (DN 12 PageID # 1643). Unfortunately, Plaintiff fails to fully appreciate his burden. To qualify for an award of disability insurance benefits, Plaintiff must demonstrate he is: (1) insured for disability insurance benefits; and (2) disabled within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423(a)(1)(A, D, and E); Garner v. Heckler, 745 F.2d 383, 386 (6th Cir. 1984).

The ALJ found that Plaintiff is insured for disability insurance benefits (Tr. 290, 292).[6] Clearly, Plaintiff agrees with this finding. What Plaintiff disagrees with is the ALJ's conclusion that Plaintiff failed to demonstrate he was disabled within the meaning of the Social Security Act from July 2, 2019 through November 4, 2022 (Tr. 292-305).[7]

The Social Security Act defines "disability" as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A). A person is unable to engage in any substantial gainful activity:

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The ALJ appropriately utilized the five-step sequential evaluation process that the Commissioner promulgated for evaluating disability claims (Tr. 292-305). *See* 20 C.F.R. § 404.1520.

---

[6] More specifically, the ALJ found that Plaintiff's earnings record shows he has acquired sufficient quarters of coverage to remain insured through December 31, 2024 (Tr. 290, 292).
[7] November 4, 2022 is the date of the ALJ's decision (Tr. 292-305).

As mentioned above, Plaintiff has failed to specifically indicate which of the ALJ's findings are being challenged. After conducting a thorough review of the ALJ's Findings and the record, the Court concludes that all the ALJ's Findings are supported by substantial evidence in the record and comport with applicable law. Consequently, Plaintiff failed to demonstrate that he was disabled within the meaning of the Social Security Act from July 2, 2019 through November 4, 2022.

Plaintiff's third and fourth sentences accuse the Social Security Administration ("Administration") of destroying part of Plaintiff's records instead of returning them to Plaintiff (DN 12). Judicial review of Plaintiff's case arising under the Social Security Act is governed by 42 U.S.C. § 405(g). In pertinent part 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

This statute limits the Court's review to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013) (citing 42 U.S.C. § 405(g); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Put simply, the Court lacks jurisdiction to address this claim—the Administration destroyed part of Plaintiff's records instead of returning them to Plaintiff—because it is not an issue addressed in the final decision of the Commissioner.

Plaintiff's final sentence accuses the Administration of not using qualified doctors or internists to diagnose him and provide accurate reports as well as using only records from

September 5, 2020 through December 24, 2020 (DN 12). Apparently, Plaintiff is referring to the qualifications of the consultative examiners and non-examining state agency medical consultants and the timeliness of their medical opinions. But Plaintiff's general assertions are insufficient to demonstrate an absence of substantial evidence supporting the ALJ's persuasiveness findings and RFC determinations. The ALJ thoroughly discussed the consultative physical examination that Stephanie Green, D.O., conducted on October 24, 2020, and he provided an appropriate explanation why the limitations expressed in Dr. Green's opinion were not persuasive (Tr. 296-97). See 20 C.F.R. § 404.1520c(b)(2). The ALJ gave a comprehensive summary of the consultative psychological examination Jennifer Fishkoff, Psy.D., conducted on November 25, 2020 (Tr. 297-98). The ALJ supplied an appropriate explanation why the limitations expressed in Dr. Fishkoff's opinion were and were not persuasive (Id.). See 20 C.F.R. § 404.1520c(b)(2). Substantial evidence in the record supports the ALJ's findings concerning the persuasiveness of the opinions expressed by Drs. Green and Fishkoff.

      The ALJ methodically discussed prior administrative medical findings rendered on January 8, 2021, and January 13, 2022, (Tr. 302-03, 366-76, 385-90). The ALJ explained why the exertional and postural limitations expressed by the non-examining medical consultants were persuasive (Tr. 302). See 20 C.F.R. § 404.1520c(b)(2). Additionally, the ALJ indicated—given subsequently received medical evidence concerning Plaintiff's severe carpal tunnel syndrome, left eye vision loss, bilateral hearing loss, and headaches—he found it reasonable to impose further limitations than those imposed by the medical consultants (Id.). See 20 C.F.R. § 404.1520c(b)(2). Specifically, the ALJ limited Plaintiff's handling and fingering to frequently with the bilateral upper extremities, and provided Plaintiff with additional visual, noise, and environmental

limitations (Id.). The ALJ also discussed why he was fully persuaded by the mental functional limitations expressed by the non-examining state agency psychological consultants (Tr. 303). See 20 C.F.R. § 404.1520c(b)(2). Substantial evidence in the record supports the ALJ's findings concerning the persuasiveness of these medical and psychological opinions.

Additionally, Plaintiff's claim completely ignores the significance of the medical evidence in the record that the ALJ fully considered in making the above-mentioned persuasiveness findings. The ALJ conducted the evidentiary hearing on August 2, 2022 (Tr. 289). The ALJ's decision indicates that after the hearing Plaintiff submitted additional medical evidence from several sources concerning treatment Plaintiff received from July 5, 2022 through September 15, 2022 (Tr. 289-90). The ALJ admitted this additional medical evidence into the record (Tr. 290, 1488-90, 1491-1508, 1509-77, 1578-81, 1582-84, 1585-1606). Further, throughout the decision, the ALJ thoroughly discussed the medical evidence of record which spanned the time frame 1986 through September 15, 2022 (Tr. 292-303). Consequently, Plaintiff's bare assertions are insufficient to demonstrate an absence of substantial evidence supporting the ALJ's persuasiveness findings and RFC determinations.

### D. Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion. . . ." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if

the ALJ followed the applicable law. Id. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

July 2, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   David H., *pro se*
          Counsel